﻿Citation Nr: AXXXXXXXX
Decision Date: 05/09/19 Archive Date: 05/09/19

DOCKET NO. 190204-1776
DATE: May 9, 2019

ORDER

Entitlement to an earlier effective date than January 17, 2017, for the grant of service connection for left lower extremity radiculopathy, including femoral nerve and sciatic nerve is denied.

Entitlement to an earlier effective date than January 17, 2017 for the grant of service connection for right lower extremity radiculopathy, including femoral nerve and sciatic nerve is denied.

Entitlement to an earlier effective date than January 23, 2017 for award of a 70 percent evaluation of major depressive disorder is denied.

Entitlement to an effective date of January 27, 2017 for the award of a 50 percent evaluation of migraine headaches is granted.

Entitlement to an effective date of February 16, 2017, but not earlier, for the award of a 40 percent evaluation of lumbar strain with intervertebral disc syndrome (IVDS) is granted.

FINDINGS OF FACT

1. The date of claim for service connection for bilateral lower extremity radiculopathy, including femoral nerve and sciatic nerve is January 17, 2017. 

2. The date that all criteria were met to establish service connection for bilateral lower extremity radiculopathy is February 16, 2017.

3. In a May 2015 rating decision, the Veteran was assigned an increased rating of 50 percent for major depressive disorder, effective December 12, 2014. The Veteran did not appeal this rating decision and it became final. 

4. On January 23, 2017, a claim for an increased rating for major depressive disorder was received from the Veteran. 

5. The exact onset of the Veteran’s current symptoms and level of psychiatric disability cannot be determined; however, it was factually ascertainable that any increase in severity of the Veteran’s major depressive disorder occurred more than one year prior to his claim for an increased disability rating.

6. In a May 2015 rating decision, the Veteran’s 30 percent rating for migraine headaches was continued. The Veteran did not appeal this rating decision and it became final. 

7. On January 23, 2017, a claim for an increased rating for migraine headaches was received from the Veteran. 

8. The exact onset of the Veteran’s current symptoms and level of disability from headaches cannot be determined; however, it was factually ascertainable that any increase in severity of the Veteran’s migraine headaches occurred on or about the date of his claim for an increased disability rating.

9. In a May 2015 rating decision, the Veteran’s 10 percent rating for lumbar strain was continued. The Veteran did not appeal this rating decision and it became final. 

10. The date of claim for an increased rating for the service-connected low back disability is January 23, 2017, the date that it is factually ascertainable that the Veteran’s condition increased in severity, i.e. that his limitation of flexion decreased, is February 16, 2017.

CONCLUSIONS OF LAW

1. The criteria for an earlier effective date for service connection of left lower extremity radiculopathy have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.155, 3.400.

2. The criteria for an earlier effective date for service connection of right lower extremity radiculopathy have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.155, 3.400.

3. The criteria for an earlier effective for the grant of a 70 percent evaluation of major depressive disorder have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.155, 3.400.

4. The criteria for an effective date of January 27, 2017, for the grant of a 50 percent evaluation of migraine headaches have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.155, 3.400.

5. The criteria for an effective date of February 16, 2017, but no earlier, for a grant of a 40 percent evaluation of lumbar strain with IVDS have been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.155, 3.400.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from October 1958 to December 1962. 

The Board notes that the rating decision on appeal was issued in January 2019. In October 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the January 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Effective Date

In assigning effective dates, the general rule is that, except as otherwise provided, the effective date of an evaluation and award of pension, compensation or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. As an exception to the general rule, for direct service connection, the effective date is the day after separation from service or the date entitlement arose, if the claim is received within one year of separation from service; otherwise the general rule applies. 38 U.S.C. § 5110 (b)(1); 38 C.F.R. § 3.400 (b)(2)(i). The date of entitlement is the date the claimant meets the basic eligibility criteria for the benefit. 

In assigning effective dates for increases, except as provided in paragraph § 3.400(o)(2) and § 3.401(b), the effective date is date of receipt of claim or date entitlement arose, whichever is later. As an exception to this general rule, § 3.400(o)(2) provides that the effective date is the earliest date of which it is factually ascertainable based on all evidence of record that an increase in disability had occurred if a complete claim or intent to file a claim is received within one year from such date; otherwise the effective date is the date of claim.

Prior to March 24, 2015, a claim was defined as a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1 (p) (2014). Any communication or action indicating intent to apply for one or more benefits administered by VA may be considered an informal claim. 38 C.F.R. § 3.155 (a). The benefit sought must be identified, though it need not be specific. See Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Thus, the essential elements for any claim, whether formal or informal, are (1) an intent to apply for benefits, (2) an identification of the benefits sought, and (3) a communication in writing. Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009).

Entitlement to an earlier effective date for the grant of service connection for bilateral lower extremity radiculopathy, including the femoral nerve and sciatic nerve

The Veteran asserts in a November 2017 notice of disagreement that he is entitled to an effective date prior to January 17, 2017, the currently assigned effective date, for the award of service connection for bilateral lower extremity radiculopathy. In evaluating his claim, the Board must first identify the date of claim and then identify the date entitlement arose. The Veteran asserts he met all elements of service connection prior to filing a claim on December 12, 2014. 

As to date of claim, the earliest correspondence of record seeking service connection for lower extremity radiculopathy was received by VA on January 17, 2017, in which the Veteran claims sciatica in both legs. Therefore, 38 C.F.R. § 3.400 (b)(2)(i) is not for application as the Veteran’s claim was not received within one year of discharge. In a July 2017 rating decision, the AOJ granted service connection for radiculopathy of the lower extremities including the sciatic nerve and femoral nerve, claimed as sciatica, and assigned the Veteran’s effective date as January 17, 2017.There is no communication from the Veteran prior to this date representing an intent to file a claim for service connection for bilateral radiculopathy of the lower extremities. 

The Board acknowledges that the record contains a formal claim for compensation benefits dated December 12, 2014, which includes an increased rating claim for the Veteran’s low back condition. While the Veteran’s increased rating claim could be read to include a claim for lumbar radiculopathy, the evidence of record does not show radiculopathy prior to February 2017. Further, as explained below, the Veteran did not timely appeal of the final rating decision on the December 2014 increased rating claim. As such, the Board finds that January 17, 2017, is the date of claim. 

Turning to the date entitlement arose, the Veteran was service connected for a low back condition in October 1995. The Veteran was diagnosed with lumbar radiculopathy in the bilateral lower extremities on February 16, 2017. Therefore, entitlement arose on February 16, 2017, the date all criteria for secondary service connection were met. 

Accordingly, because the date entitlement arose is later than the January 17, 2017 date of claim, the appropriate effective date for the award of service connection for bilateral lower extremity radiculopathy, including the femoral nerve and sciatic nerve is, in fact, February 16, 2017, and the claim for an earlier effective date than January 17, 2017 must be denied as the Veteran is not entitled to an effective date prior to January 17, 2017.

1. Entitlement to an earlier effective date for the 70 percent evaluation of major depressive disorder

The Veteran contends he should be entitled to an earlier effective date than January 23, 2017 for the assignment of the 70 percent disability rating for his major depressive disorder. 

The two important dates for purposes of determining the effective date in an increased rating claim are the date of claim, and the date it was factually ascertainable that the increase in disability occurred. In order for entitlement to an increase in disability compensation to arise, the disability must have increased in severity to a degree warranting an increase in compensation. See Hazan v. Gober, 10 Vet. App. 511, 519 (1992). Thus, determining whether an effective date assigned for an increased rating is correct or proper under the law requires: (1) a determination of the date of the receipt of the claim and (2) a review of all the evidence of record to determine when an increase in disability was “ascertainable.” Hazan, 10 Vet. App. at 521.

With regard to the date of claim in this case, in December 2014, the Veteran filed a claim for an increased rating for major depressive disorder. In a May 2015 rating decision, the AOJ granted an increased, 50 percent rating for major depressive disorder, effective from December 12, 2014. The Veteran did not timely appeal the May 2015 rating decision nor did he submit new and material evidence within one year of the notification of this decision. The first evidence received after the May 2015 decision was received in February 2017. Thus, the May 2015 rating decision became final. 

Thereafter, on January 23, 2017, the Veteran filed a claim for increased compensation based on unemployability due to his service connected major depressive disorder, migraine headaches and back condition. In an attachment, the Veteran claimed that his major depressive disorder symptoms more closely approximated the criteria for a 70 percent rating from December 2014. 

In this case, as previously discussed, no claim was received by the AOJ prior to January 23, 2017, and no intent to apply for benefits related to his service-connected major depressive disorder was evidenced prior to that date. 

To the extent that the Veteran asserts that his major depressive disorder symptomatology has been severe enough to warrant a higher, 70 percent disability evaluation since the December 2014 claim for increase, the Board notes that the Veteran is charged with knowledge of the laws addressing filing an appeal or a claim for an increase and when such claim should be filed. The Veteran did not file a notice of disagreement in response to the May 2015 award of a 50 percent disability rating for his major depressive disorder or otherwise inform the RO of a recent worsening of his major depressive disorder. A claimed lack of knowledge of VA procedure does not assist in obtaining the benefit sought. See Morris v. Derwinski, 1 Vet. App. 260, 265 (1991). By letter dated May 2015, the Veteran was notified of his appellate rights (VAF 4107). As such, the May 2015 rating decision became final. 38 U.S.C. § 7104 (b) (West 2014). 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2017).

Accordingly, the Board finds that the date of claim is January 23, 2017. Next, the Board must determine when the increase in disability was factually ascertainable, and if it was within one year of the date of claim.

For an increase in disability compensation, the effective date will be the earliest date as of which it is factually ascertainable that an increase in the disability had occurred if the claim is received within one year from such date; otherwise, the effective date will be the date of receipt of claim. 38 U.S.C. § 5110; 38 C.F.R. § 3.400 (o)(2). 

Review of VA treatment records shows that the earliest treatment record received after the final May 2015 rating decision, was a VA treatment record dated June 2015 received in February 2017. The Veteran reported depressed mood, anxiety, difficulty falling and staying asleep, nightmares and lots of anger. Although the Veteran had previously reported some successful relationships, in June 2015, he indicated that he avoided friends for the most part and had become socially isolated. The VA psychiatrist recommended that the Veteran continue his antidepressant at the same does and increased the dose of his sleep aid. The Veteran was slated to continue treatment but missed several appointments and declined group therapy. The next time the Veteran was seen for his major depressive disorder was in December 2016. This VA treatment record showed that the Veteran had decreased pleasure, decreased concentration, trouble falling and staying asleep, hypervigilance, and increased symptoms of depression, anxiety, irritability and anger. He was taking prescription medication without real improvement and reported going to Mexico to buy anxiety medication out of desperation. He was treated several times before he underwent a VA examination in February 2017. 

The February 2017 VA examiner opined that the Veteran’s major depressive disorder symptoms caused occupational and social impairment with reduced reliability and productivity. His symptoms included depressed mood; anxiety; suspiciousness; chronic sleep impairment; disturbances of motivation and mood; difficulty establishing and maintaining effective work and social relationships; difficulty in adapting to stressful circumstances, including work or a work like setting; and inability to establish and maintain effective relationships. 

The Board again acknowledges that the Veteran’s VA treatment records show that the Veteran experienced increases in his major depressive disorder symptoms prior to January 2016, one year before his January 23, 2017 date of claim. The Veteran’s representative argues an increase in symptoms occurred as early as December 2014. Therefore, the Board finds that the record reflects an increase in the Veteran’s symptomatology is evidenced at least as far back as June 2015, more than one year prior to the January 23, 2017 claim for an increase. However, this still does not justify an increased rating, as the Board notes that an increase in symptomatology more than one year prior to the date of claim requires an effective date no earlier than the date of claim, which in this case is January 23, 2017. Harper v. Brown, 10 Vet. App. 125, 126 (1997). Thus, an earlier effective date is not warranted based on the date that the increase was factually ascertainable.

Based on the evidence of record, the claim for an effective date earlier than January 23, 2017, for the award of a 70 percent rating for a psychiatric disability must be denied. 

2. Entitlement to an earlier effective date for the 50 percent evaluation of migraine headaches

The Veteran contends he is entitled to an earlier effective date than February 16, 2017 for the assignment of the 50 percent disability rating for his migraine headaches. 

As noted, the two important dates for purposes of determining the effective date in an increased rating claim are the date of claim, and the date it was factually ascertainable that the increase in disability occurred. If the date if was factually ascertainable that an increase occurred precedes the date of claim by less than a year, then that is the effective date, otherwise, the effective date is the later of the date of claim or the date that the increase was factually ascertainable. 38 C.F.R. § 3.400(o).

With regard to the date of claim, in December 2014, the Veteran filed a claim for an increased rating for migraine headaches. In a May 2015 rating decision, the AOJ denied the increased rating claim and continued a 30 percent rating for migraine headaches. The Veteran did not appeal this decision and no new and material evidence was submitted within one year of the notice of this decision. Thus, this decision became final and the December 2014 claim is not pending. 

Review of the record shows that on January 23, 2017, the Veteran filed a claim for increased compensation based on unemployability due to his service connected major depressive disorder, migraine headaches and back condition. In an attachment, the Veteran claimed that his migraine headache symptoms more closely approximated the criteria for a 50 percent rating. Therefore, the Board finds that the date of claim is January 23, 2017. 

With regard to when an increase in the Veteran’s headaches was factually ascertainable, VA treatment records from July 2016 demonstrate that the Veteran experienced headaches only once or twice a month consistent with the symptoms he reported at his VA examination in April 2015. His treating physician also indicated that these symptoms may have been caused by the Veteran’s high blood pressure and made a note to reassess the Veteran. Thus, this evidence does not indicate an increase in severity of the Veteran’s headaches.

A pharmacy outpatient note from January 27, 2017 describes an increase in symptoms namely headaches and dizziness that were significant and impacted the Veteran functionally. On the same date, the Veteran was also treated at mental health primary care within the VA. There, he reported constant migraines with severe symptoms of dizziness, nausea, seeing “floaters”, and eye pain.

In February 2017, the Veteran underwent a VA examination. The examiner noted symptoms, which included pulsating or throbbing head pain, sensitivity to light and sound, and nausea. The severity of the Veteran’s symptoms was well documented in the abovementioned VA treatment records. The February 2017 examiner confirmed the functional impact of the Veteran’s symptoms and found that due to the frequent sudden onset of incapacitating migraines it would be near impossible for the Veteran to maintain gainful employment. 

Based on review of the record, the Board finds that it was first factually ascertainable that the Veteran’s headaches had increased in severity in January 27, 2017. 

Accordingly, because it became factually ascertainable from the evidence of record that the Veteran’s symptoms increased on January 27, 2017, and his date of claim is January 23, 2017, the appropriate effective date for the grant of increased rating for migraine headaches is January 27, 2017, and the claim for an earlier effective date is granted.

3. Entitlement to an earlier effective date for the 40 percent evaluation of lumbar strain with IVDS

The Veteran contends he is entitled to an earlier effective date than February 23, 2017 for the assignment of the 40 percent disability rating for his service-connected lumbar strain with IVDS. 

Again, the two important dates for purposes of determining the effective date in an increased rating claim are the date of claim, and the date it was factually ascertainable that the increase in disability occurred. The date of claim is the earliest date upon which there is a pending claim. If the date if was factually ascertainable that an increase occurred precedes the date of claim by less than a year, then that is the effective date, otherwise, the effective date is the later of the date of claim or the date that the increase was factually ascertainable. 38 C.F.R. § 3.400(o).

Turning to the date of claim, the Veteran filed a claim in December 2014, and a May 2015 rating decision denied a rating greater than 10 percent rating for the Veteran’s service connected lumbar strain. The Veteran did not appeal this decision, nor did he submit new and material evidence within one year of the notice of the denial of his claim. Thus, this decision became final, and the December 2014 claim was finally denied and was not pending.

On January 23, 2017, the Veteran filed a claim for increased compensation based on unemployability due to his back condition and other service connected disabilities. The Veteran did not note an increase in low back symptoms. In its adjudication of the claim, the AOJ considered the TDIU claim to be an increased rating claim for the back condition. The Board will not disturb the favorable finding of the AOJ. Therefore, the date of claim is January 23, 2017. 

Turning to the question of when it is factually ascertainable that the disability had increased in severity, the record contains a VA examination from February 2017, a VA examiner found limitation of forward flexion of the thoracolumbar spine to less than 30 degrees. In reviewing the record there is no medical evidence assessing flexion of the lumbar spine or the low back disability to be less than 30 degrees within one year of the January 23, 2017 date of claim. Further, there is no evidence that his low back disability caused sufficient functional loss to warrant compensation at the 40 percent level within one year of the January 23, 2017, date of claim 

To the extent that the Veteran asserts that his symptoms had increased prior to January 23, 2017, he is not competent to report his specific degrees of limitation of forward flexion, which is not lay observable as it requires a measurement by a goniometer and someone trained to do so. Further, he has not provided evidence of functional loss that would warrant a finding that his back disability had increased in severity prior to January 23, 2017. 

Given the available evidence, the Board determines that it was not factually ascertainable until the February 16, 2017 VA examination that the Veteran’s flexion of the low back had decreased, and that an increase in his low back disability had occurred. The Board notes that the January 2019 rating decision erroneously states that the 2017 VA examination took place on February 23, 2017. However, the examination took place on February 16, 2017. Because this date is after the January 23, 2017, date of claim, the provisions of 38 C.F.R. § 3.400(o)(2) are not applicable.

Given that the date of claim is January 23, 2017, and that it was factually ascertainable that the low back condition increased in severity on February 16, 2017, the proper effective date for the award of a 40 percent rating for the Veteran’s low back disability is February 16, 2017, the later of the two dates. Thus, an effective date of February 16, 2017, is granted.

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Sherman Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.